DECISION
Plaintiff appeals Defendant's Notices of Proposed Refund Adjustment (Notices), dated October 9, 2008, for tax years 1997, 1998, 1999, and 2000. A trial was held in the Oregon Tax Courtroom, Salem, Oregon on November 10, 2009. Plaintiff appeared on his own behalf. Faith Derickson, Tax Auditor and Certified Public Accountant, appeared on behalf of Defendant.
 I. STATEMENT OF FACTS
In 1983, a judgment was entered against Plaintiff in the amount of $282,783.31. (Ptf's Ex 13 at 2.) In partial satisfaction of that judgment, Plaintiff surrendered 333 1/3 shares of Class A stock and 100 shares Class B stock of MOL Enterprises, Inc. on December 5, 1983. (Ptf's Ex 15.)
Plaintiff testified that in 1994, he made a "connection" between "casualty and theft" and "income producing property."
Defendant received Plaintiff's original state income tax returns for tax years 1997, 1998, 1999, and 2000 on September 19, 2008, claiming a casualty and theft carryover loss arising from a $397,500 casualty or theft loss claimed on his 1994 federal income tax return. (Ptf's Ex 34.) On each state income tax return, Plaintiff claimed a refund. Defendant denied the refund claims, stating that each return was not filed within three years of the due date of the return and citing *Page 2 
ORS 314.415(1). (Def's Notices.) In addition, Defendant proposed tax deficiencies to Plaintiff's self-assessed Oregon state income tax returns for tax years 1999 and 2000, arising from the disallowance of the casualty or theft loss carryover. (Def's Recommendation, Exs B; C.)
 II. ANALYSIS
Plaintiff's income tax returns for tax years 1997, 1998, 1999, and 2000 were received by Defendant on September 19, 2008. There are statutory limits on income tax refunds. ORS 314.415(2)(a)[1] provides in pertinent part that
 "if the original return is not filed within three years of the due date, excluding extensions, of the return, the department may allow or make a refund only of amounts paid within two years from the date of the filing of the claim for refund. If a refund is disallowed for the tax year during which excess tax was paid for any reason set forth in this subsection, the department may not allow the excess as a credit against any tax occurring on a return filed for a subsequent year."
The statute does not permit Defendant to issue a refund or credit any excess tax paid on an original return filed more than three years after the due date unless payments are made within two years from the date of the refund claim. Plaintiff does not dispute that he filed the income tax returns more than three years after the original due date of the returns. Plaintiff made no payments; he requests refunds. The statute does not permit Plaintiff's refund claims to be granted.
Defendant assessed income tax deficiencies for tax years 1999 and 2000 because it disallowed the carry forward of a claimed casualty and theft loss on each return. The casualty and theft loss (loss), if such a loss meets the Internal Revenue Code definition of a casualty or *Page 3 
theft loss, occurred in 1983. Plaintiff offered no evidence how such a loss is an allowable deduction in 1994 or that he is entitled to claim a carryover of the claimed loss in tax years 1999 and 2000. According to Defendant, the Internal Revenue Service denied Plaintiff's claimed carryover of the same casualty and theft loss claimed on his federal income tax return for tax years 2001, 2003, and 2004. (Def's Recommendation at 1.)
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon theparty seeking affirmative relief." ORS 305.427 (emphasis added). Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. of Rev., 4 OTR 302
(1971)). Plaintiff failed to meet his burden of proof.
 III. CONCLUSION
Plaintiff's refund claims for tax years 1997, 1998, 1999, and 2000 are denied because his requests were filed more than three years after the due date of the state income tax returns. Plaintiff's casualty and theft loss carryover claim is denied because he failed to meet the statutory burden of proof that such a loss is an allowable deduction and that the carryover should be allowed. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied; and *Page 4 
IT IS FURTHER DECIDED that Defendant's proposed tax-to-pay assessments of $199 for tax year 1999 and $291 for tax year 2000 are allowed.
Dated this ____ day of February 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner on
 February 10, 2010. The Court filed and entered this document onFebruary 10, 2010.
[1] References to the Oregon Revised Statutes (ORS) are to 2007. *Page 1